Filed 2/4/25  P. v. Carter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C101181 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF090001084) |
| v. | |
| DEWAYNE NORMAN CARTER, | |
| Defendant and Appellant. | |

Defendant Dewayne Norman Carter appeals from the denial of his resentencing petition brought pursuant to Penal Code[1] section 1172.6.  Carter's primary contention is that the trial court improperly relied on the preliminary hearing transcript to find him ineligible for resentencing.  We conclude the trial court erred in relying on the preliminary hearing transcript to deny Carter's petition at the prima facie stage.  Because

_____

[1]  Undesignated statutory references are to the Penal Code.

1

nothing else in the record establishes his ineligibility for resentencing as a matter of law, we remand for the trial court to issue an order to show cause. Following proceedings on remand, the trial court is directed to correct the abstract of judgment to delete the indication that Carter was sentenced pursuant to section 667, subdivisions (b) through (i), or section 1170.12.

BACKGROUND

In 2014, Carter pled guilty to a first degree murder (§ 187, subd. (a)(1)) that was committed willfully and with premeditation and deliberation. Carter also admitted that the murder was committed while he was engaged in, or was an accomplice in, the commission of or attempted commission of a burglary. (§ 190.2, subd. (a)(17)(G).) Carter offered the transcript of his preliminary hearing as the factual basis for the plea. The trial court sentenced him to life without the possibility of parole. The abstract of judgment indicates that Carter was sentenced pursuant to section 667, subdivisions (b) through (i), or section 1170.12.

In 2023, Carter petitioned for resentencing under section 1172.6, claiming that he could not presently be convicted of murder due to recent legislative changes to murder liability. At the prima facie hearing, counsel for Carter stated that, after having reviewed the record, he did not believe Carter was eligible for relief under section 1172.6. The trial court ultimately denied Carter's petition at the prima facie stage: "Mr. Carter's petition is contradicted by the record of conviction in this case. The factual basis for his plea was the Preliminary Hearing transcript, and the Preliminary Hearing transcript establishes that Mr. Carter was convicted in this case as the actual killer and the only killer; therefore, he is not entitled to relief pursuant to the change in the law, and he is ineligible for relief under that law as a matter of law." Carter filed a timely notice of appeal in May 2024. His opening brief was filed in September 2024, and this case became fully briefed on November 13, 2024.

2

DISCUSSION

Carter asserts that the trial court erred in relying on the preliminary hearing transcript at the prima facie stage to conclude he was ineligible for resentencing.  He also contends his counsel provided ineffective assistance by failing to object to the court's reliance on the preliminary hearing transcript and by conceding that Carter was ineligible for relief.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 achieved this, in part, by amending section 188 to state that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)  Senate Bill No. 1437 also created, in what is now section 1172.6, a mechanism for individuals convicted of qualifying offenses to petition for resentencing.

A section 1172.6 petitioner must make a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c).)  The California Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Id*. at p. 972.)  " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in

the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

Courts are split on whether, or to what extent, trial courts may rely on pretrial hearing transcripts to deny relief at the prima facie stage, even when a defendant previously stipulated that those transcripts provided the factual basis for his or her plea. (Compare *People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [deciding that grand jury transcript could not be used to establish the defendant acted with actual malice because his "stipulation to the grand jury transcript as the factual basis for his plea does not establish such an admission"] and *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [concluding that preliminary hearing transcript did not establish the defendant's ineligibility for resentencing, in part because "his stipulation that the transcript provided a factual basis for the plea is not a ' "binding admission for all purposes" ' "] with *People v. Patton* (2023) 89 Cal.App.5th 649, 657-658, review granted June 28, 2023, S279670 [rejecting the argument that the trial court engaged in impermissible factfinding to deny relief by relying on preliminary hearing testimony] and *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1167 [affirming denial of resentencing petition because "the transcripts from the preliminary and plea hearings demonstrate [the defendant] was convicted of second degree murder as a direct aider and abettor"].)

Our Supreme Court will resolve this question, having granted review in *People v. Patton*, *supra*, 89 Cal.App.5th 649. Until the Supreme Court decides the issue, we conclude that the trial court, in this case, erred in relying on the preliminary hearing testimony at the prima facie stage to conclude that Carter was ineligible for relief. While Carter "offered" the preliminary hearing transcript as the factual basis for his plea, this does not constitute an admission to the truth of all testimony at the hearing for all purposes. (See *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 235; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 991.) Moreover, at the plea proceedings, Carter did not expressly admit to any specific facts, either himself or through counsel, as defendants

4

sometimes do at such proceedings. (See, e.g., *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028 [affirming denial of § 1172.6 petition at the prima facie stage where the defendant admitted at the plea hearing that he personally entered an apartment, shot and killed two victims, and shot and injured a third victim].) Under these circumstances, we conclude that reliance on the preliminary hearing testimony to determine whether Carter is eligible for relief as a matter of law would result in impermissible judicial factfinding at the prima facie stage. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, a defendant must show it is reasonably probable that, absent the error, his petition would not have been summarily denied without an evidentiary hearing. (*People v. Flint* (2022) 75 Cal.App.5th 607, 613; *People v. Lewis*, *supra*, 11 Cal.5th at p. 974.) Here, without consideration of the evidence presented at the preliminary hearing, we cannot conclude that Carter was ineligible for relief as a matter of law. While Carter specifically pled guilty to a murder that was committed willfully, deliberately, and with premeditation, the plea does not conclusively establish that he personally acted with premeditation and deliberation so as to preclude relief at the prima facie stage. (See *People v. Eynon* (2021) 68 Cal.App.5th 967, 979 ["Although [the defendant] admitted that he was liable for a murder committed with malice, deliberation, and premeditation, he did not admit that *he acted with* malice, deliberation, or premeditation"].)

Accordingly, we reverse and remand for the trial court to issue an order to show cause. (§ 1172.6, subd. (d).) Given this conclusion, we need not address Carter's claim of ineffective assistance of counsel.

The parties agree, as do we, that the abstract of judgment erroneously states that Carter was sentenced pursuant to section 667, subdivisions (b) through (i), or section 1170.12. These provisions pertain to the "Three Strikes" law, under which Carter was

5

not sentenced.  Upon remand, the trial court shall correct the abstract of judgment to remove any indication that Carter was sentenced under these provisions.

DISPOSITION

The order denying Carter's petition for resentencing is reversed, and the matter is remanded with directions for the trial court to issue an order to show cause and conduct further proceedings under section 1172.6.  Following proceedings on remand, the trial court shall prepare a corrected abstract of judgment that removes the notation indicating Carter was sentenced under section 667, subdivisions (b) through (i), or section 1170.12. The trial court shall then forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


          /s/
BOULWARE EURIE, J.


We concur:


    /s/
MAURO, Acting P. J.


    /s/
RENNER, J.